UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MOSLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GROUPON, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01205-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 14] |

　　　　Plaintiffs William and Frances Mosley ("Plaintiffs") got a bad deal. After purchasing a $39 Groupon.com coupon from defendant Groupon, Inc. ("Groupon") for a "licensed, bonded, and insured technician" to come to their house to perform vent cleaning and HVAC inspection services, they were informed by the technician who arrived at their home—"Ben"—that their ducts were contaminated with asbestos. Compl. ¶¶ 13, 22, ECF 1. Ben offered to remove the four contaminated ducts for $1,196 and Mrs. Mosley agreed to those terms after he assured her that he was "licensed and qualified to abate asbestos." *Id.* ¶ 23. As it turns out, Ben was neither licensed nor qualified to do the asbestos work. In fact, Plaintiffs allege, he does not appear to have been licensed at all. *Id.* ¶¶ 21, 34. Ben botched the job and contaminated Plaintiffs' house, exposing Mr. Mosley and their belongings to asbestos, and ultimately requiring Plaintiffs to hire a different company to undo the damage that Ben had caused. *Id.* ¶¶ 27-31. To make matters worse, Ben insisted on getting paid and, when Plaintiffs refused, made threatening phone calls causing them to fear for their physical safety. *Id.* ¶¶ 32, 37-38.

　　　　Understandably upset by Ben's conduct, Plaintiffs sued Groupon as well as American Duct Pros, Inc. ("ADP") and its alleged alter ego National Duct Cleaning Services, Inc. ("NDCS"). ADP and NDCS never responded to Plaintiffs' complaint and the Clerk of the Court entered

default against them on April 1 and April 16, 2015 respectively.  ECF 12, 27.  Before the Court is Groupon's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which was heard on August 13, 2015.  Groupon Mot., ECF 14.

Plaintiffs assert eleven causes of action against Groupon for fraud (First Claim), negligent misrepresentation (Second Claim), negligence per se (Third Claim), negligence (Fourth Claim), intentional infliction of emotion distress (Sixth Claim),[1] negligent infliction of emotional distress (Seventh Claim), breach of contract (Eighth Claim), breach of the implied covenant of good faith and fair dealing (Ninth Claim), violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (Tenth Claim), false advertising in violation of California Business & Professions Code § 17500 *et seq.* (Eleventh Claim), and violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (Twelfth Claim).  Groupon's motion challenges Plaintiffs' common law claims only (First through Ninth Claims).  For the reasons stated on the record of the hearing, Groupon's motion is GRANTED with leave to amend.

To summarize the Court's oral ruling, there are two major deficiencies in the allegations that undermine Plaintiffs' First through Ninth Claims against Groupon: first, there are no facts plausibly linking Ben to Groupon and second, there are no facts plausibly indicating that Ben's misconduct and the resultant harm to Plaintiffs was foreseeable to Groupon.

As to the first, by their own allegations, Plaintiffs booked Ben's services through an ADP representative and Ben answered in the affirmative when Mrs. Mosley "asked if he was from ADP."  Compl. ¶ 19.  The only non-conclusory allegation that Plaintiffs could point to regarding Ben's employment or agency with Groupon is the fact that he indicated he needed to call "the secretary in Illinois" in order to schedule a follow-up appointment to perform the agreed-upon duct removal.  *Id.* ¶ 25.  Plaintiffs suggest that this could mean he needed to call Groupon, which is headquartered in Illinois.  *Id.* ¶ 7.  That is possible.  Much more likely is the inference that he was calling ADP—the company that he told Mrs. Mosley he worked for—, which is also based in Illinois.  *Id.* ¶¶ 8, 19.  The existing allegations are therefore insufficient to establish that Groupon

---

[1] The Fifth Claim for negligent hiring and supervision is asserted only against ADP and NDCS.

can be held liable for Ben's actions as his employer or principal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8(a) requires more than a "sheer possibility" that a defendant acted wrongly).

To be sure, Plaintiffs have adequately alleged that Ben was not licensed and, in that manner, may show that Groupon breached the original agreement to provide a "licensed, bonded, or insured" technician to perform vent cleaning and HVAC inspection services. As alleged, however, the deal that Plaintiffs purchased made no mention of asbestos abatement. As such, absent further factual enhancement, there is no plausible suggestion that Ben's misrepresentation concerning his asbestos qualifications, his entry into a separate agreement to perform duct removal and asbestos abatement, and the consequent injury to Plaintiffs from those actions were all foreseeable from the failure to send a "licensed, bonded, or insured" technician to clean vents.

Finally, as addressed on the record, Plaintiffs have also failed to factually allege that Groupon is a "home improvement contractor" or a "home improvement salesperson" bound by California Business & Professions Code §§ 7150-1768 such that Groupon's violation of any of those sections could constitute negligence per se.

Plaintiffs requested leave to amend to address all of these deficiencies and amendment does not appear to be futile at this stage, though the Court has serious doubts concerning Plaintiffs' ability to demonstrate Groupon's liability for Ben's conduct. For the reasons stated above and on the record of the August 13, 2015 hearing, Groupon's Motion to Dismiss is GRANTED, with leave to amend, with respect to Plaintiffs' First, Second, Third, Fourth, Sixth, Seventh, Eighth, and Ninth Claims against Groupon. As requested by Plaintiffs, with no opposition from Groupon, Plaintiffs shall file their amended pleading **by no later than November 11, 2015.** Because default has already been entered against ADP and NDCS, Plaintiffs shall take care to restrict their amendments to allegations and claims against Groupon or be required to serve ADP and NDCS with the amended complaint.

**IT IS SO ORDERED.**

Dated: August 14, 2015

BETH LABSON FREEMAN
United States District Judge