UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MOSLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GROUPON, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-01205-BLF<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>**(Re: Docket No. 43)** |

    Even among all the unnecessary discovery disputes brought to this court, this one stands out.

    After Plaintiffs William and Frances Mosley filed this suit in state court in January 2015, Defendant Groupon, Inc. removed it to this court in March.[1] During email discussions in late June about a joint case management statement, Plaintiffs' counsel asked Groupon's counsel if the latter "would be willing to accept electronic service."[2] On June 29, Plaintiffs' counsel again asked Groupon's counsel if he was "okay with electronic service."[3] Six minutes later, Groupon's counsel responded, "I am."[4] Plaintiffs then served Groupon their discovery requests by email later that day, and Groupon's counsel acknowledged that he had received them.[5] And yet, four months

---

[1] *See* Docket No. 1.

[2] Docket No. 43-1.

[3] *Id.*

[4] *Id.*

[5] *See id.*

1

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO COMPEL

later, Groupon claims that it was never served those requests and that it never consented to electronic service.[6] Groupon therefore contends that it no longer needs to respond to requests relating to claims that Judge Freeman dismissed in August.[7]

In its papers and in oral argument, Groupon argues that the consent was ambiguous. It says that the parties always intended to memorialize the terms and conditions in a more complete agreement. When Groupon's counsel agreed that he was "okay with electronic service," his statement was only the prelude to negotiating a full written contract. And the discovery requests themselves were ambiguous as well—when Groupon's counsel received them, he thought that they were only courtesy copies of discovery to be served later. Groupon's argument borders on the frivolous. The court has reviewed the email exchange at issue, and it is abundantly clear that both parties intended to—and thus did—consent to electronic service. Groupon's counsel simply lost track of the requests at issue, an otherwise excusable mistake that Groupon then compounded by claiming it never received them.

Plaintiffs' motion is GRANTED. Groupon must respond to the requests within 14 days. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiffs are further awarded the attorneys' fees they incurred in filing this motion and in meeting and conferring with Groupon about these discovery requests. By failing to timely respond, Groupon has admitted the matters in Plaintiffs' requests for admission and has waived its objections to all of Plaintiffs' requests. Plaintiffs also request that the court extend Plaintiffs' deadline to amend their complaint, but Judge Freeman set that deadline in her order dismissing Plaintiffs' claims.[8] Plaintiffs should direct this request for relief to the presiding judge.

---

[6] *See* Fed. R. Civ. P. 5(b)(2)(E) (authorizing service of documents "by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served").

[7] *See* Docket No. 37.

[8] *See id.* at 3.

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO COMPEL

2

1  **SO ORDERED.**

2  Dated: November 3, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

3

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO COMPEL