1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

WILLIAM MOSLEY, et al.,

Case No. 15-cv-01205-BLF

8

Plaintiffs,

**ORDER GRANTING MOTION TO WITHDRAW ADMISSIONS**

9

v.

10

GROUPON, INC., et al.,

**(Re:  Docket No. 69)**

11

Defendants.

12

Plaintiffs William and Frances Mosley served Defendant Groupon, Inc. with several

13

discovery requests, including requests for admission, on June 29, 2015.[1]  Groupon's counsel lost

14

track of these requests.[2]  But instead of owning up to the mistake, Groupon claimed that it had not

15

consented to electronic service and refused to respond for months.[3]  With no other recourse

16

available, Plaintiffs moved to compel responses.[4]  The court granted the motion and deemed

17

admitted the matters in Plaintiffs' requests for admission, as Fed. R. Civ. P. 36(a)(3) requires.[5]

18

Since then, Groupon has brought on new counsel,[6] and it now moves to withdraw the

19

deemed admissions under Rule 36(b).  "[A] client is ordinarily chargeable with his counsel's

20

21

[1] *See* Docket No. 69-1, Exs. 3, 4.

22

[2] *See* Docket No. 54 at 2; Docket No. 73-1 at ¶ 4.

23

[3] *See* Docket No. 52 at 1-2.

24

[4] *See* Docket No. 43.

25

[5] *See* Docket No. 52 at 2.

26

[6] *See* Docket No. 70.

27

28

1

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO WITHDRAW ADMISSIONS

United States District Court
Northern District of California

negligent acts,"[7] and, in most contexts, "clients must be held accountable for the acts and omissions of their attorneys."[8] Nevertheless, the court finds—with some reluctance—that Rule 36 mandates more forgiveness than Groupon's conduct otherwise might warrant. Groupon's motion is GRANTED.

## I.

As alleged in the complaint, on April 8, 2014, Plaintiffs purchased a $39 Groupon deal for duct cleaning services from Defendant American Duct Pros, Inc.[9] ADP was to send "licensed, bonded, and insured technicians" to Plaintiffs' home to "thoroughly examine" the heating system and "rid ducts and vents of dust and debris."[10] On May 4, a technician named Ben arrived at Plaintiffs' home.[11] Soon after setting up his cleaning equipment and examining their heating system, Ben told Plaintiffs that he had discovered asbestos in their ducts.[12] He insisted that Plaintiffs needed to replace their ducts immediately and offered to do the job for $1,196.[13] Ben assured Plaintiffs that he was licensed and qualified to abate asbestos, and they hired him to fix the problem.[14] On May 7, Ben came back with an assistant to replace the ducts.[15] Unfortunately for Plaintiffs, Ben turned out to be a fraud—not only had he lied about his licensure, but he also failed to follow basic safety protocols and ended up spreading asbestos throughout Plaintiffs' house.[16]

---

[7] *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

[8] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993).

[9] *See* Docket No. 53 at ¶ 13.

[10] *Id.*

[11] *See id.* at ¶ 24.

[12] *See id.* at ¶ 27.

[13] *See id.* at ¶ 28.

[14] *See id.* at ¶¶ 28, 30.

[15] *See id.* at ¶ 32.

[16] *See id.* at ¶¶ 29, 32-36.

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO WITHDRAW ADMISSIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

The situation did not improve from there.  When Plaintiffs understandably refused to pay Ben, he berated Plaintiffs over the phone and threatened physical violence.[17]  Plaintiffs complained to Groupon; it promised to investigate but never followed up and continued listing deals for ADP's services.[18]  Plaintiffs eventually had to evacuate their home for sixteen weeks—which, to make matters worse, were the last sixteen weeks of Ms. Mosley's pregnancy.[19]  The incident also caused about $40,000 in property damage and took a toll on Plaintiffs' health.[20]

Plaintiffs filed this suit in state court in January 2015, and Groupon removed it to this court in March.[21]  On June 29, after Groupon's counsel confirmed that he was "okay with electronic service,"[22] Plaintiffs served the requests for admission at issue here by email.[23]  Independently, on August 14—after Groupon's responses were due[24]—Judge Freeman dismissed Plaintiffs' claims against Groupon, but granted Plaintiffs leave to amend their complaint by November 11.[25]

On September 1, Plaintiffs moved to compel responses to the discovery requests it had served in June.[26]  The court granted the motion on November 3 and ordered Groupon to respond by November 17.[27]  Plaintiffs filed their amended complaint on November 11.[28]  Groupon served

---

[17] *See id.* at ¶¶ 37, 42-43.

[18] *See id.* at ¶¶ 40, 44-45, 47.

[19] *See id.* at ¶ 48.

[20] *See id.* at ¶¶ 49-50.

[21] *See* Docket No. 1.

[22] Docket No. 43-1, Ex. H.

[23] *See* Docket No. 69-1, Exs. 3, 4.

[24] *See* Fed. R. Civ. P. 36(a)(3) (requiring responses within 30 days).

[25] *See* Docket No. 37 at 2-3.

[26] *See* Docket No. 43.

[27] *See* Docket No. 52 at 2.

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO WITHDRAW ADMISSIONS

1  its responses on the November 17 deadline.[29]

2      Because Plaintiffs had not received discovery responses when they filed their amended

3  complaint, they relied heavily on the deemed admissions.  Plaintiffs had asked Groupon to admit

4  the truth of several damaging assertions, including that Groupon "did not investigate customer

5  complaints," that Groupon "intended to deceive the public" by falsely claiming that ADP

6  technicians were licensed and that it "negligently posted at least one Groupon deal for ADP duct

7  cleaning services."[30]  These admissions appear throughout Plaintiffs' amended complaint.[31]

8  Groupon has moved to dismiss the amended complaint, and Judge Freeman will hear the motion

9  on April 21, 2016.[32]

10                                              **II.**

11      This court has jurisdiction under 28 U.S.C. §§ 1332 and 1367.  The undersigned was

12  assigned discovery matters in this case pursuant to Fed. R. Civ. P. 72(a).

13                                             **III.**

14      Rule 36(b) provides that "the court may permit withdrawal or amendment if it would

15  promote the presentation of the merits of the action and if the court is not persuaded that it would

16  prejudice the requesting party in maintaining or defending the action on the merits."  The first

17  prong "essentially asks if allowing the withdrawal will aid in the resolution of the case."[33]  This

18  "is satisfied when upholding the admission would practically eliminate any presentation of the

19  merits of the case,"[34] such as when a party is deemed to have admitted an ultimate legal issue.[35]

---

[28] *See* Docket No. 53.

[29] *See* Docket No. 73-1 at ¶ 8.

[30] Docket No. 69-1, Ex. 4 at 3-4.

[31] *See* Docket No. 53 at ¶¶ 1, 3, 14-18, 29, 39, 45-46.

[32] *See* Docket No. 72.

[33] *Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002).

[34] *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (quoting *Hadley v. United States*, 45

4

United States District Court
Northern District of California

1    Here, the admissions do bear directly on legal conclusions; several of them "simply concede

2    essential elements" of Plaintiffs' claims.[36]  Withdrawing them therefore would promote the

3    presentation of the merits of the action.

4           The next step is assessing the prejudice to Plaintiffs.  "The party relying on the deemed

5    admission has the burden of proving prejudice."[37]  "The prejudice contemplated by Rule 36(b) is

6    not simply that the party who obtained the admission will now have to convince the factfinder of

7    its truth."[38]  Mere reliance on the admission in connection with a dispositive motion is not enough

8    to constitute prejudice.[39]  Instead, the relevant concern is the "difficulty a party may face in

9    proving its case at trial."[40]  In general, the closer a case is to trial, the greater the prejudice.[41]

10          Plaintiffs have not carried their burden.  Trial is still nearly a year away, and Plaintiffs will

11   have plenty of time to substantiate their claims.  In fact, at the hearing on this motion, Plaintiffs

12   informed the court that a few of the documents they already have obtained from Groupon support

13   some of the allegations in their complaint.  Withdrawal of the admissions might delay

14   proceedings, but it will not deprive Plaintiffs of the opportunity to prove their case.

15          Although Rule 36(b) requires the court to consider the factors above, the Rule still grants

16   the district court some discretion in deciding whether to grant a motion to withdraw admissions.[42]

17

18   F.3d 1345, 1348 (9th Cir. 1995)).

19   [35] *See, e.g.*, *id.* at 622; *Hadley*, 45 F.3d at 1348; *Boyd v. AutoZone, Inc.*, Case No. 11-cv-00776,
20   2012 WL 4466538, at *3 (N.D. Cal. Sept. 26, 2012).

21   [36] *Conlon*, 474 F.3d at 622.

22   [37] *Id.*

23   [38] *Id.* (quoting *Hadley*, 45 F.3d at 1348).

24   [39] *See id.* at 624.

25   [40] *Id.*

26   [41] *See id.* at 622-24.

27   [42] *See id.* at 625 ("[I]n deciding whether to exercise its discretion when the moving party has met

28   
5

United States District Court
Northern District of California

Plaintiffs focus much of their opposition on the unfairness of granting the motion in light of Groupon's past misbehavior. As Plaintiffs point out, and as the court recognized in its previous order, Groupon's former counsel did not cover themselves in glory.[43] Essentially, Plaintiffs urge the court not to let Groupon off the hook simply because it has hired new lawyers.

The court sympathizes with Plaintiffs' position. They are right that Groupon has "not show[n] good cause for [its] dilatory conduct,"[44] and Groupon's failure already has delayed the case significantly. Regardless, the Ninth Circuit has made clear that concerns of equity merit only secondary consideration compared to the factors that Rule 36(b) identifies explicitly.[45] Here, the two mandatory factors strongly favor granting the motion. In addition, another equitable consideration—"whether the moving party appears to have a strong case on the merits"[46]—cuts the same way: Judge Freeman has expressed "serious doubts concerning Plaintiffs' ability to demonstrate Groupon's liability for Ben's conduct."[47] All in all, withdrawal is appropriate.

Finally, Plaintiffs ask the court to award them the attorney's fees they have incurred in opposing Groupon's two motions to withdraw its admissions. Because Rule 36 makes no provision for fees, the court must interpret the request as a motion for sanctions under Rule 37. "[I]n this district, any motion for sanctions that is not separately filed in conformance with Civ. L.R. 7-2 is procedurally defective."[48] In this procedural posture, the court may not award fees.

---

the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits.").

[43] *See* Docket No. 52 at 1-2.

[44] *Conlon*, 474 F.3d at 625.

[45] *See id.*

[46] *Id.*

[47] Docket No. 37 at 3.

[48] *Quality Inv. Props. Santa Clara, LLC v. Serrano Elec., Inc.*, Case No. 09-cv-05376, 2011 WL 2846555, at *2 (N.D. Cal. July 18, 2011); *see* Civ. L.R. 7-8(a).

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO WITHDRAW ADMISSIONS

1  **SO ORDERED.**

2  Dated: January 27, 2016

3  PAUL S. GREWAL
   United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7

Case No. 15-cv-01205-BLF
ORDER GRANTING MOTION TO WITHDRAW ADMISSIONS