UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MOSLEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GROUPON, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-01205-BLF<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>**(Re: Docket No. 84)** |

    The better part of a year ago, Plaintiffs William and Frances Mosley served discovery requests on Defendant Groupon, Inc., to which Groupon and its counsel never responded.[1] Over Groupon's implausible objection that service had been ineffective, the court granted Plaintiffs' motion to compel responses to these requests.[2] Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the court awarded Plaintiffs attorney's fees incurred in filing their motion, and, as required by Fed. R. Civ. P. 36(a)(3), it deemed admitted Plaintiffs' requests for admission.[3] Soon afterwards, Groupon switched to new counsel,[4] who moved to withdraw those admissions.[5] The court granted that request as well.[6]

---

[1] *See* Docket No. 52 at 1-2.

[2] *See id.* at 2.

[3] *See id.*

[4] *See* Docket No. 70.

[5] *See* Docket No. 69.

[6] *See* Docket No. 83.

1
Case No. 15-cv-01205-BLF
ORDER DENYING MOTION FOR SANCTIONS

Plaintiffs now move for sanctions under Rule 37 in the form of attorney's fees for all this motion practice.[7] The court already awarded those fees for the initial motion to compel, and at the hearing on the sanctions motion the parties informed the court that Groupon no longer disputes the amount of those fees. That portion of the motion therefore is DENIED as moot. The only remaining point of contention, then, is whether the court should award Plaintiffs their fees for opposing Groupon's motion to withdraw.

That inquiry starts with the Federal Rules. Rule 37(a)(5)(A) provides that a party prevailing on its motion to compel must be awarded its "reasonable expenses incurred in making the motion, including attorney's fees." Other subsections of Rule 37 go further. Rule 37(b)(2)(C) requires a party disobeying a court order to "pay the reasonable expenses, including attorney's fees, caused by the failure." Rule 37(d)(3) imposes sanctions in the same vein for a party that does not attend its own deposition, serve answers to interrogatories or respond to a request for inspection. Plaintiffs rely on the latter provision.[8] But although Rule 37 lists exhaustively the conduct that can lead to an award of attorney's fees, the failure to respond to a request for admission is not among them.[9] Rule 36 includes no such provision either. The only reasonable conclusion is that Rule 37 does not authorize the court to sanction a party for failing to respond to a request for admission.

Plaintiffs have identified no case law to the contrary. They point to a number of cases awarding, or at least contemplating, such a sanction,[10] but none of these cases cites Rule 37 as the

---

[7] *See* Docket No. 84.

[8] *See id.* at 2.

[9] Rule 37(c)(2) does impose attorney's fee sanctions for a party's failure to admit a matter later proven to be true, but that is not at issue here.

[10] *See, e.g.*, *Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995); *Archway Ins. Servs., LLC v. Harris*, Case No. 11-cv-01173, 2013 WL 6158369, at *2 (D. Nev. Nov. 21, 2013); *Upchurch v. USTNET, Inc.*, 160 F.R.D. 131, 133-34 (D. Ore. 1995); *Mid-Valley Bank v. N. Valley Bank*, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991).

1 basis for the sanction. Instead, as one of Plaintiffs' cases makes clear, these courts acted pursuant
2 to their "inherent power to levy sanctions for abusive litigation tactics."[11] Such an award must "be
3 preceded by a finding of bad faith, or conduct tantamount to bad faith."[12] Plaintiffs do not argue
4 that Groupon's conduct rose to that level.[13] For all the reasons above, Plaintiffs' motion for
5 sanctions is DENIED.

**SO ORDERED.**

Dated: March 9, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[11] *Archway Insurance*, 2013 WL 6158369, at *2 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980)).

[12] *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (citing *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).

[13] *See* Docket No. 86 at 2 (suggesting that "[t]he fact[s] of this case meet even this higher bar," but providing no support for the assertion).

3
Case No. 15-cv-01205-BLF
ORDER DENYING MOTION FOR SANCTIONS