**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIAM MOSLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GROUPON, INC., et al.,<br><br>　　　　Defendants. | Case No.   15-cv-01205-BLF<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION TO SEAL**<br><br>[Re: ECF 92] |

　　　Plaintiffs William Mosley and Frances Mosley moved to file under seal Exhibits 4–6 to their Second Amended Complaint ("SAC"). ECF 92. Parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Under Civ. L.R. 79-5(e), when a party moves to seal documents designated as confidential by an opposing party, the latter party must file a declaration in support of the request within four days of the filing of the motion. Groupon designated as confidential the documents sought to be sealed, but Groupon filed no such declaration. Accordingly, the Court denied the motion without prejudice. ECF 103. Defendants subsequently filed a declaration in support of the motion, indicating that it seeks to have these documents filed under seal because the information contained in these exhibits "contain sensitive private customer information," including the customers' names, phone numbers, and e-mail addresses. ECF 104. The Court now GRANTS the motion for the reasons discussed below.

　　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of

"compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The Court concludes that Plaintiffs' SAC and documents submitted in support thereof are more than tangentially related to the merits. Therefore, the "compelling reasons" standard applies.

In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Plaintiffs move to seal Exhibits 4–6 of their SAC on the basis that Defendants designated them as confidential. The exhibits are comprised of printouts of Groupon customer support interactions with various third-party customers, and contain Groupon third-party customers' private information, such as their names, phone numbers, and e-mail addresses. ECF 92. Defendant submitted the declaration of their counsel, Kenneth K. Lee, who states that the exhibits contain such confidential information. ECF 104. Accordingly, Defendants have established compelling reasons for the requested sealing.

The motion to seal Exhibits 4–6 in their entirety is GRANTED.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge