**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIAM MOSLEY, et al., <br>     Plaintiffs, <br> v. <br> GROUPON, INC., et al., <br>     Defendants. | Case No. 15-cv-01205-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION TO AMEND CASE MANAGEMENT ORDER** <br><br> [Re: ECF 106] |

Defendant Groupon, Inc. ("Groupon") "requests a modification to the August 13, 2015 Case Management Order," which required the parties to file dispositive motions by September 1, 2016. Mot. 1, ECF 106. The Court held a case management conference on September 7, 2016, and allowed the parties to argue the merits of the motion. Plaintiffs made significant arguments on the record and waived their right to a written opposition. For the reasons discussed below, the motion is DENIED.

**I.   BACKGROUND**

Plaintiffs William and Frances Mosley ("the Mosleys") commenced this action in state court in January 2015. Mot. 1, ECF 106. The case was removed to this Court on March 13, 2015. ECF 1. Groupon moved to dismiss the initial complaint on April 2, 2015. ECF 14. On August 13, 2015, the Court issued the operative case management order, which set a deadline for the last day to hear dispositive motions and set a date for the pretrial conference and for trial. ECF 40. The Court did not set a deadline for the last day to amend pleadings or add parties, the last day to disclose experts, or a cut-off date for fact and expert discovery. *Id.* at 1. The Court, however, ordered the parties to "meet, confer and file a stipulated proposed schedule regarding dates and deadlines to trial." *Id.* at 2. The parties did not comply with the Court's order.

1   On August 14, 2015, the Court granted Groupon's motion to dismiss the Mosleys' initial
2   complaint. ECF 37. Pursuant to their request, the Court gave the Mosleys 90 days to file an
3   amended complaint. *Id.* at 3. Plaintiffs filed their first amended complaint ("FAC") on November
4   10, 2015. FAC, ECF 53. The FAC relied heavily on admissions Groupon was deemed to have
5   made due to its failure to respond to Plaintiffs' requests for admission ("RFAs"). ECF 91. On
6   April 8, 2016, the Court withdrew Groupon's admissions on Groupon's own motion, granted
7   Plaintiffs' request to amend their complaint for a second time, and vacated the hearing on
8   Groupon's motion to dismiss.[1] *Id.* Plaintiffs filed their Second Amended Complaint ("SAC") on
9   May 6, 2016. ECF 93. Groupon filed a motion to dismiss the SAC on June 3, 2016. ECF 96.
10  The Court will hear arguments on Groupon's motion to dismiss on September 29, 2016. *Id.*

Groupon now seeks to amend the Court's case management order. Groupon argues that there is good cause to amend the order given the pending motion to dismiss and because fact discovery will not be completed until November or December 2016. Mot. 3, ECF 106. Groupon also argues that amending the case management order would not prejudice Plaintiffs. *Id.* at 4.

## II. LEGAL STANDARD

Pursuant to Rule 16, a party seeking leave to modify the scheduling order must show "good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citations omitted).

## III. DISCUSSION

Groupon seeks to modify the Court's scheduling order by postponing the deadline for dispositive motions and the trial by approximately four months. Groupon first argues that there is good cause because discovery remains ongoing. This is unconvincing in light of the parties'

---

[1] The hearing on the motion to dismiss was scheduled for April 21, 2016. ECF 72.

2

1 failure to comply with the Court's August 13, 2015 order to set, among other things, a discovery
2 cut-off date. *See* ECF 40. The parties have been aware of the deadline for filing dispositive
3 motions for more than a year and could have made efforts to ensure the completion of discovery
4 prior to the deadline or extend the deadline for dispositive motions before the day the motions
5 were due, but they did not. This plainly demonstrates a lack of diligence.

6 Groupon also argues that the Court should find good cause because of the pending motion
7 to dismiss. Mot. 2, ECF 106. This too is unavailing because the schedule is directly attributable
8 to Groupon's failure to reply to Plaintiffs' RFAs in the first instance. Had Groupon responded to
9 Plaintiffs' RFAs, Plaintiffs are unlikely to have filed a SAC. The filing of the SAC delayed the
10 case by approximately five months. This too demonstrates a lack of diligence.

11 Accordingly, because Groupon cannot demonstrate its diligence in seeking the
12 amendment, and because the situation is one of Groupon's own making, the Court concludes there
13 is no good cause to justify modifying the scheduling order.

14 Even if the Court were to find good cause, amending the scheduling order would prejudice
15 Plaintiffs. Although Groupon asks only for a "modest" modification of approximately four
16 months, the Court cannot accommodate such a delay. Given the Court's current trial schedule, the
17 next available trial date would be in February 2019. Trial is currently scheduled for January 2017.
18 ECF 40. To delay the trial by two years would clearly prejudice Plaintiffs. This provides an
19 additional basis for the Court's decision to deny Defendant's motion.

20 **IV.  ORDER**

21 For the aforementioned reasons, the Court DENIES Defendant's motion to amend the case
22 management order.

23 **IT IS SO ORDERED.**

24 Dated: September 8, 2016

_____
BETH LABSON FREEMAN
United States District Judge