# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MOSLEY, ET AL.,<br>　　Plaintiffs,<br>v.<br>AMERICAN DUCT PROS, INC, et al.,<br>　　Defendants. | Case No. 15-cv-01205-BLF<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

Having reviewed Plaintiffs' motion for default judgment, the Court HEREBY REQUESTS supplemental briefing, of no more than 10 pages, on two issues: First, Plaintiffs shall address whether they properly served Defendants American Duct Pros, Inc. ("ADP") and National Duct Cleaning Services Inc. ("NDCS"). Plaintiffs' certificate of service states that Plaintiffs served the civil lawsuit notice, summons, complaint, civil case cover sheet, and Santa Clara County Superior Court alternative dispute resolution information sheet on ADP and NDCS via first class mail. ECF 6. However, neither California law nor the Federal Rules of Civil Procedure allow for service of a corporation by mail. Fed. R. Civ. P. 4(h)(1); Cal. Civ. Proc. Code § 416.10; *see Hunstock v. Estate Dev. Corp.*, 22 Cal. 2d 205 (1963) (construing "delivery" as personal service). Plaintiffs' reliance on Cal. Civ. Proc. Code § 415.40 is misplaced, as that section governs service on a person outside of California, not a corporation.

Second, Plaintiffs shall address whether this Court has personal jurisdiction over Defendant Barak Schnitman. Citing *Cripps v. Life Ins. Co. of N. Am.*, Plaintiffs contend that personal jurisdiction can be established through personal service or a defendant's minimum contacts with the jurisdiction. Mot. 3, ECF 130. Plaintiffs claim that personal jurisdiction can be established through personal service is accurate, but only if personal service occurs within the

boundaries of the state in which the federal court sits or if a federal statute provides for nationwide service of process. *Cripps*, 980 F.2d 1261, 1267 (9th Cir. 1992). Here, Plaintiffs did not serve Schnitman within California, nor have they cited any statute that provides for nationwide service of process. *See* Certificate of Service, ECF 102 (showing that Plaintiffs served Schnitman in Illinois). Moreover, the paragraphs of the Complaint to which Plaintiffs direct the Court regarding Defendants' minimum contacts say nothing of Schnitman's contacts with the forum. Accordingly, Plaintiffs are requested to explain how this Court has personal jurisdiction over Schnitman.

Any supplemental briefing must be filed **on or before May 8, 2017**. Failure to provide supplemental briefing shall result in denial of Plaintiffs' motion for inadequate service and lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge